FIGUEROA & GAUTIER, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, substituted by RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7457. Decided November 18, 1938.

*Emilio S. Belaval* and *Clemente Ruiz Nazario* for appellant. *B. Fernández García,* Attorney General, and *M. Rodríguez Ramos,* Deputy Attorney General, for appellee.

ON MOTION FOR REHEARING

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Appellant has asked us to reconsider the judgment entered in this case (*ante,* p. 701). Appellant's argument turns upon the construction which, according to him, should be given to section 4 of Act No. 85 of 1925 (Session Laws, p. 584), as amended by Act No. 83 of 1931 (Session Laws, p. 504). Appellant insists that in calculating the tax upon a wholesale sale the phrase *"In no case shall a price be accepted as the selling price for the purpose of taxation, which is less than the price currently paid on the market of Puerto Rico for similar articles"* should be construed to mean the price currently paid by retail dealers for the article or similar articles, and that for the imposition of the tax upon a retail sale, the phrase means the price currently paid in the market by the consumer.

Section 4, prior to amendment in 1931, reads as follows:

"Section 4.—*Definition of the Phrase 'Ad Valorem'.*—For the purposes of this Act, the phrase *'ad valorem'* shall be construed to mean the cost of the article when in possession of the person, plus a reasonable profit to be estimated at ten (10) per cent of said cost,

if such person fails to prove, to the satisfaction of the Treasurer of Puerto Rico, that the profit obtained on such articles is less than the aforesaid percentage; *Provided,* That the word 'person' as used in this section shall have the meaning given thereto in section 5 of this Act.'' (Session Laws, 1925, p. 584.)

The legislative intent shown by the above-quoted provision was that in calculating the value of the article for the purpose of imposing the tax, the basis should be the cost plus a profit which should in no case exceed 10 per cent of the cost, and which could be less than 10 per cent of the cost when the taxpayer could prove to the satisfaction of the Treasurer that the profit obtained had been less. The market price was not then taken as the basis for determining the amount of the tax. An unscrupulous merchant could simulate a cost price less than the true cost, and in this way prejudice the Treasury by reducing the tax at his whim, unless the Treasurer should discover and prove the fraud.

Thereafter, by Act No. 17 of June 3, 1927 (Session Laws, p. 458), section 4 above quoted was amended so that it read as follows:

''Section 4.—*Definition of the Phrase 'ad valorem'.*—For the purposes of this Act, the phrase 'ad valorem' shall be construed to mean the exact market price in Puerto Rico of the article at the time of its sale, use, consumption or introduction into Puerto Rico, as the tax is collected at the time of the sale, use, consumption or introduction.''

Subsequently, in 1931, the section was again amended to read in its present form, to wit:

''Section 4.—*Definition of the term, 'selling price'.*—For the purposes of collection and payment of the taxes herein prescribed, the term 'selling price' under all circumstances, shall be construed to mean: (*a*) in the case of articles sold at wholesale, the exact price at which the taxable article or commodity is sold; (*b*) in the case of articles sold at retail or at a unit price, the exact price at which the taxable article or commodity is sold; . . .''

Under subdivisions (*a*) and (*b*) the same basis is established for computing the tax upon wholesale and retail sales. In both cases the measure is the exact price at which the article is sold. But, anticipating the case in which the taxpayer would report a sales price less than the current market price, the Legislature, to supply a safeguard for such a situation, provided after subdivision (*c*) (which has no reference to sales) that:

*"In no case shall a price be accepted as the selling price* for the purposes of taxation, *which is less than the price currently paid on the market of Puerto Rico for similar articles* at the time the taxable article or commodity is sold, transferred, used, consumed or manufactured in, or introduced into, Puerto Rico." (Italics ours.)

The Legislature might well have established here the distinction for which appellant contends in favor of wholesale dealers. Not only was this distinction not established, but the Legislature closed the door to any such interpretation, using language as broad as it could have used and again placing both classes of dealers upon the same plane. Furthermore, as if it were afraid it might be misconstrued, the Legislature again reaffirmed its purpose to establish a single measure for calculation of the tax, by repeating in the two last paragraphs of the section under consideration the following language:

*"The 'selling price', as defined in this Act, shall be applicable to all taxable articles and commodities,* whether they are for sale, use, transfer or consumption in Puerto Rico, or are introduced into or manufactured in Puerto Rico.

"The term '*ad valorem*' for the purposes of this Act, and in other existing laws levying excise or sales taxes, shall be construed to mean the selling price of the article or commodity, *as defined in this section."* (Italics ours.)

There should be no doubt that it was not the purpose of the Legislature to establish a difference between the tax to be paid by wholesale and retail dealers. The Legislature has

evinced the intention that the price finally paid by the consumer, that is, the price currently paid on the market of Puerto Rico, shall be the basis for the imposition of the tax, thus assuring greater income to the Treasury.

█ We agree with appellant that tax statutes should be construed in favor of the taxpayer, but this rule must be made to harmonize with another equally well established and which provides that tax statutes are to receive a reasonable construction with a view to carrying out the purpose and intent of the Legislature. 1 F. Stat. Ann. (2d ed.) 137; 25 R.C.L. 1092, section 307.

█ The fact that the tax could have been more just and equitable if the distinction urged by appellant had been made, a hypothesis which we do not accept, is not a question for the courts but for the Legislature. *State* v. *Travelers' Ins. Co.*, 57 L.R.A. 481.

The fact that the tax is collectible on the first sale of the article does not necessarily imply that the purpose of the statute was not to impose the tax upon the price paid by the consumer, since a wholesale dealer is in just as good a position as a retail dealer to determine beforehand the price currently paid in the market for the articles in which he deals, and can consequently deduct the amount of the tax at the time of the first sale.

Lastly, the price taken as the basis for the imposition of the tax in the present case was that which the appellant himself submitted as the one currently paid in the market for the articles in question.

For the reasons stated the reconsideration sought must be denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.